UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re

Edwin Martinez and Migdalia Martinez

CHAPTER     7
CASE NO.    8:11-bk-05292-CPM

Debtor(s)
_____/

**MOTION FOR RELIEF FROM STAY FILED BY JPMORGAN CHASE BANK, NATIONAL ASSOCIATION REGARDING REAL PROPERTY**

**NOTICE OF OPPORTUNITY TO
OBJECT AND FOR HEARING**

**Pursuant to Local Rule 2002-4, the Court will consider this motion without further notice or hearing unless a party in interest files an objection 21 days from the date of service of this paper. If you object to the relief requested in this paper, you must file your objection with the Clerk of the Bankruptcy Court 801 N. Florida Avenue, Suite 555, Tampa, FL 33602-3899 and serve a copy on the movant's attorney (Brad W. Hissing, Esq.,Kass Shuler, P.A., P.O. Box 800, Tampa, Florida 33601).**

**If you file and serve an appropriate objection within the time permitted, and the objection reveals factual or legal issues requiring a hearing, the Court will schedule a hearing and you will be notified. Otherwise, the Court will consider the motion and the responses on the papers without further notice or hearing. If you do not file an objection within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION ("Creditor"), pursuant to §§362(d)(1) and (2) of the Bankruptcy Code, hereby moves this Court for entry of an order granting relief from stay as to the bankruptcy estate and as to the Debtor(s), and states:

1.    For value received, the Debtor(s) executed and delivered a Promissory Note ("Note") as evidence of indebtedness to Creditor.

2.    The Debtor executed and delivered a Mortgage to Creditor securing said indebtedness with the following property: **REAL PROPERTY LOCATED AT: 3424 YALE CIR, RIVERVIEW, FL 33578 LEGALLY DESCRIBED AS: LOT 12, BLOCK 1, IVY ESTATES UNIT NO. 2, AS PER PLAT THEREOF, RECORDED IN PLAT BOOK 45, PAGE 74, OF THE PUBLIC RECORDS OF HILLSBOROUGH COUNTY, FLORIDA.**

("Collateral").

3. Movant is entitled to enforce the Note and Mortgage. Copies of the relevant loan document(s) are attached hereto as Exhibit "A" & "B".

4. Creditor is owed the amounts referenced in the attached Affidavit plus any changes accruing subsequent to the date of the Affidavit.

5. The Debtor(s) defaulted under the terms of the Note and/or Mortgage with Creditor by failing to do the following: make all payments when due as specified in the attached Affidavit, Exhibit "C".

6. The Debtor(s), and the estate, have made no offer of adequate protection to Creditor regarding Creditor's interest in the Collateral. Creditor, therefore, lacks adequate protection.

7. The Collateral is diminishing and decreasing in value and continues to do so by virtue of the continued use of the Collateral by the Debtor(s) without payments to Creditor.

8. The Debtor(s), and the estate, lack equity in the Collateral.

9. The Collateral is not necessary to an effective reorganization.

10. Pursuant to the terms of the Promissory Note / Contract between the parties, the Debtor(s) is/are obligated to pay Creditor's reasonable attorneys' fees and court costs. Creditor has retained the undersigned attorneys and has agreed to pay them a reasonable fee for their services rendered in connection with this Motion.

11. Creditor asserts sufficient cause exists to waive the requirement of Bankruptcy Rule 4001(a)(3), therefore allowing an Order to be effective upon this Honorable Court's signature. In addition Creditor prays that the Court suspend the Rule in all instances in which there is a Consent on the part of the Debtor(s).

12. The unpaid principal balance due is in the amount of $207,010.87 .

13. The account at issue is presently due for the payment due March 1, 2010 and all subsequent payments which have come due through the date of this Motion.

WHEREFORE, Creditor requests that the Court enter an order modifying or terminating the automatic stay as to the Debtor(s) and to the estate to permit Creditor to enforce its in rem contractual and state law remedies as against the Collateral and for such other relief as requested above.

/s/ Brad W. Hissing, Esq.
Brad W. Hissing, Esq.
Kass Shuler, P.A.
P.O. Box 800
Tampa, FL 33601
Phone: (813) 229-0900 Ext. 1347
Fax:    (813) 769-7565
bhissing@kasslaw.com
Florida Bar No. 854794

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a true and correct copy of the foregoing was furnished on May 13, 2011, by U.S. Mail and/or electronic mail via CM/ECF pursuant to Local Rule 7005-3 to: Edwin Martinez and Migdalia Martinez , 3424 Yale Circle , Riverview, FL 33578; Mayra L. Calo, Esq., 213 Providence Road, Brandon, FL 33511; Beth Ann Scharrer, Trustee, P.O. Box 4550, Seminole, FL 33775-4550.

## Rule 7005-3

## SERVICE BY ELECTRONIC MEANS UNDER RULE 5(b)(2)(D)

A party may make service under Rule 5 (b) (2) (D) of the Federal Rules of Civil Procedure through the Court's electronic transmission facilities if the party being served is a Filing User or otherwise consents in writing to electronic service.

/s/ Brad W. Hissing, Esq.
Brad W. Hissing, Esq. (x1347)

1022270B/mb