**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

EDWIN MARTINEZ and
MIGDALIA MARTINEZ,

      Debtors.
_____/

Case No. 8:11-bk-05292-CPM
Chapter 7

**AFFIDAVIT IN SUPPORT OF TRUSTEE'S APPLICATION**
**TO EMPLOY COUNSEL PURSUANT TO FED. R. BANKR. P. 2014(a)**

STATE OF FLORIDA     )
                                 )
COUNTY OF HILLSBOROUGH   )

**BEFORE ME**, the undersigned authority, personally appeared LORI V. VAUGHAN, who, being duly sworn deposes and says:

1. I, Lori V. Vaughan, declare under penalty of perjury pursuant to the provisions of 28 U.S.C. § 1746, that the following statements are true and correct:

2. I am a shareholder in the law firm of Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, P.A. ("Trenam") and am admitted to practice in the United States District Court for the Middle District of Florida.

3. This affidavit is submitted in compliance with 11 U.S.C. §§ 327(a) and Federal Rule of Bankruptcy Procedure 2014.

4. The Trustee seeks to employ Trenam pursuant to 11 U.S.C. §327(a) for the purposes identified in the Application to Employ Counsel.

5. In preparing this affidavit, I have reviewed the all-creditor mailing matrix for this case and Trenam has compared the information listed on the matrix with the information contained in Trenam's client and adverse party conflict check index system. The facts stated in

this affidavit as to the relationship between other lawyers in Trenam and the Debtors, the Debtors' creditors, other parties-in-interest, their respective attorneys and accountants, the United States Trustee, other persons employed in the office of the United States Trustee, and those persons and entities who are defined as not disinterested person in § 101(14) of the Bankruptcy Code are based upon the results of the review of Trenam's conflict check index system.

6. Trenam's client and adverse party conflict check index system comprises of records regularly maintained in the course of business of the firm, and it is the regular practice of the firm to make and maintain the records. The conflict system reflects entries that are noted in the system at the time the information becomes known by persons whose regular duties include recording and maintaining this information.

7. While employed by Trustee, Trenam will not represent or hold any interest adverse to the estate with respect to the matters on which Trenam is to be employed by the Trustee.

8. There are no agreements for the sharing of compensation received or to be received for services rendered as special counsel to the Trustee, other than among the members and regular associates of Trenam.

9. No attorney in Trenam represents an insider of the Debtors.

10. No attorney in Trenam has any other interest, direct or indirect, that may be affected by the proposed representation.

11. To the best of my knowledge, neither I nor any member or associate of Trenam has any connection with the Debtors, creditors, any other party-in-interest, their respective

attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, except as set forth below:

    a.    Attorney Benjamin Lambers, assistant counsel to the United States Trustee, was formerly employed as an associate by Trenam.

    b.    I was employed by the United States Bankruptcy Court for the Middle District of Florida as a Judicial Law Clerk to the Honorable Karen S. Jennemann August 1998 through August 1999.

    c.    Dawn A. Carapella, a Chapter 7 Trustee appointed to the panel of Chapter 7 Trustees in Tampa, Florida, was formerly employed as a shareholder by Trenam.

    d.    Attorney Lara R. Fernandez, a shareholder with Trenam, was employed by the United States Bankruptcy Court for the Middle District of Florida as a Judicial Law Clerk to the Honorable Alexander L. Paskay, Chief United States Bankruptcy Judge *Emeritus* in 1996 through 1997, and during the period from November 2001 through October 2004.

    e.    Attorney Stephanie C. Lieb, a shareholder with Trenam, was employed by the United States Bankruptcy Court for the Middle District of Florida as a Judicial Law Clerk to the Honorable Catherine P. McEwen, United States Bankruptcy Judge in 2006 through 2008.

    f.    Attorney Megan W. Murray, an associate with Trenam, was employed by the United States Bankruptcy Court for the Middle District of Florida as a Judicial Law Clerk to the Honorable Karen S. Jennemann September 2011 through September 2013.

    g.    Trenam has in the past represented Beth Ann Scharrer as Chapter 7 Trustee in several chapter 7 cases which are unrelated to this case, which matters are now closed.

    h.    Trenam has in the past represented and currently represents the following entities or their affiliates in matters wholly unrelated to this case and the Debtor. Such parties do not appear to be adverse:

- Chase/JPMorgan Chase Bank
- Home Depot

    i.    Trenam represents or has represented in the past Chapter 7 trustees, Chapter 11 unsecured creditor committees or debtors in cases in which creditors of the Debtors may have been creditors.

j.  Trenam previously represented Beth Ann Scharrer, personally, together with a group of other chapter 7 trustees in the Middle District of Florida, regarding the calculation and recovery of documentary stamp with the Florida Department of Revenue.

k.  Trenam currently represents Beth Ann Scharrer, as Chapter 7 trustee in the following open matters, and may represent her in the future as Chapter 7 trustee in additional cases:

  i. *In re Stephen and Wynona Shaffer*, Case No. 8:08-bk-10399-KRM;
  ii. *In re Akhil K. Joshi and Bala R. Joshi*, Case No. 8:11-bk-13074-CPM; and
  iii. *In re Antoni Bielawski and Stanislava Bielawska*, Case No. 8:14-bk-00222-CPM.
  iv. *In re Brigitte M. Whitted*, Case no. 8:07-bk-11802-CPM

l.  Trenam may have corporate and individual vendor accounts with certain of the estate's creditors; however, Trenam does not represent these vendors in any action against the Debtors, trustee or the estate.

THIS CONCLUDES MY AFFIDAVIT.

_____
LORI V. VAUGHAN

SWORN TO and subscribed before me in my presence on July 23, 2018, by LORI V. VAUGHAN, who is personally known to me.

_____
Notary Public, State of Florida

My commission expires: 1/26/2022

IVETTE DAWKINS
Commission # GG 174650
Expires January 26, 2022
Bonded Thru Budget Notary Services

4