**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

EDWIN MARTINEZ,  Case No. 8:11-bk-05292-CPM
MIGDALIA MARTINEZ,  Chapter 7

    Debtors.
_____/

**FINAL CONTINGENCY FEE APPLICATION OF**
**SPECIAL COUNSEL TO TRUSTEE**

> **NOTICE OF OPPORTUNITY TO**
> **OBJECT AND FOR HEARING**
>
> Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within twenty-one (21) days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail.
>
> If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at the Sam M. Gibbons U.S. Courthouse, 801 North Florida Avenue, Suite 555, Tampa, FL 33602-3899, and serve a copy on Lori V. Vaughan, Counsel to the Chapter 7 Trustee, Beth Ann Scharrer, 101 E Kennedy Boulevard, Suite 2700, Tampa, FL 33602 and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing, or consider the response and grant or deny the relief requested without a hearing.
>
> If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

    Chapter 7 Trustee Beth Ann Scharrer (the "Trustee") on behalf of Sanders Phillips Grossman, LLC ("Special Counsel" or the "Firm"), pursuant to § 330 of the bankruptcy code, respectfully applies to this Court for compensation for Special Counsel based on the following:

**Background**

    1.    On March 24, 2011, Edwin Martinez and Migdalia Martinez (the "Debtors") filed a voluntary Petition for relief under Chapter 7 of the Bankruptcy Code.

2. Beth Ann Scharrer was appointed Chapter 7 Trustee. Trustee Scharrer administered the disclosed assets as a no asset case, was discharged from trustee obligations in the case and the case was closed on July 28, 2011.

3. The Trustee has been informed that the Debtor, Migdalia Martinez, is a plaintiff in Multi District Litigation seeking compensation for damages associated with the use of one or more medical mesh devises that were surgically implanted prepetition.

4. The tort claim the Trustee seeks to pursue is based on pre-petition events and is property of the bankruptcy estate. To that end, the Trustee moved to reopen this Chapter 7 case (Doc. No. 27), and that Motion was granted (Doc. No. 28).

5. On July 11, 2018, a Notice of Appointment of Successor Trustee Beth Ann Scharrer was filed by the US Trustee (Doc. No. 29).

6. On or about January 14, 2014, the Debtor entered into a Contingency Fee Agreement with Special Counsel ("Fee Agreement") to represent the Debtor in investigating and pursuing causes of action related to the product liability cases (the "Claim").

7. The Fee Agreement provides for a forty-five percent (45%) contingency fee of any recovery up to $1 million.

8. On July 10, 2015, Special Counsel filed a claim on behalf of the Debtor for damages arising from Debtor's causes of action.

9. A settlement program was negotiated to resolve the claims in the Multi-District Litigation. Pursuant to the settlement agreement, the Settlement Administrator evaluated the claim of each claimant that participated in the settlement and assigned each participating claimant points based upon various factors, including the claimant's age, injury and treatment level, and risk factors, such as smoking.

10. On February 25, 2019, the Trustee filed her Application for Order Authorizing Employment of Special Counsel, seeking to employ Special Counsel on a contingency fee basis to provide legal services in connection with finalizing a settlement of the Debtor's pre-petition Claim. (Doc. No. 36).

11. On February 26, 2019, the Court entered an Order approving the Trustee's application to employ Special Counsel. (Doc. No. 37).

12. On June 26, 2019, the Trustee filed on negative notice, a Motion to Approve Compromise of Controversy (the "<u>Motion to Compromise</u>"), seeking approval of the proposed settlement of the Claim for a gross settlement award of $17,352.69.

13. The Motion to Compromise discloses that in accordance with the compromise, the Trustee will pay the Firm from the gross settlement award of $17,352.69, less the common benefit fee of 5% ($867.63), an aggregate contingency fee of 45% ($7,418.28) and costs in the amount of $3,435.10.

**Summary of Requested Compensation and Reimbursement of Expenses**

14. For the Application Period, Special Counsel seeks aggregate compensation for services rendered for and on behalf of the Trustee in the amount of $7,418.28 (45% of the gross settlement award less the 5% common benefit fee).

15. Additionally, the Firm seeks reimbursement of expenses in the amount of $3,435.10.

16. The Trustee retained Special Counsel to render legal services on behalf of the Trustee and the estate with respect to finalizing the settlement of the Claim.

17. All services for which compensation is requested were performed for or on behalf of the Trustee and not on behalf of any committee, any creditor, or any other person.

18. Special Counsel has not previously sought any allowance of fees and costs or received any payments, and this Application represents Special Counsel's final request for compensation.

**Narrative Description of Services Performed**

19. On January 14, 2014, the Debtor retained Special Counsel on a contingency fee basis to represent her in pursuing the Claim, which seeks damages for personal injury and products liability associated with the Debtor's prepetition medical procedures.

20. Special Counsel has vigorously asserted and pursued the Claim, and the Defendant has vigorously defended the claim asserted against it.

21. Consolidated, multi-district litigation is extraordinarily complex, and thus takes years to resolve, and in this litigation, it was vigorously defended by sophisticated counsel. The hours spent by Special Counsel in this litigation has directly resulted in this recovery. During the many years that the litigation was pending, Special Counsel incurred expenses, including time and resources, necessary to pursue the litigation and ultimately negotiate the settlement which included the claim on behalf of the Debtor.

22. In reaching the settlement, a process was put in place to validate all claims which required the review, analyzing, and submission of documents consisting of medical records documenting various factors, which make a claimant eligible for settlement, a properly signed and notarized Release, and agreed stipulation of dismissal. Special Counsel rendered legal services in this case to the Debtor as follows: first, Special Counsel began the investigation by obtaining the pertinent information from the Debtor regarding her medical procedures and her claimed injuries. Then, Special Counsel proceeded with the investigation by ordering the necessary medical records to document her claimed injuries. Special Counsel obtained all of the

Debtor's available medical records. Upon receipt of the requisite medical records, Special Counsel conducted a medical analysis of the Debtor's injuries. After securing the essential medical information and analyzing the legal and medical issues therein, a claim was made on July 10, 2015. A considerable amount of legal work was required to prepare the necessary documents required for this claim to be considered in the settlements as each record needed to be carefully reviewed and bookmarked to identify relevant information over a multiple year period. As detailed herein, Special Counsel has performed substantial legal work on the Claim. As a direct result of Special Counsel's work, a successful recovery has been reached.

## Standard for Valuation of Services Performed

23.     Upon careful review of the file, the documentation of the time spent in pursuit of the Multi-District Litigation and the results obtained, it is the Trustee's belief that these fees and costs are fair, reasonable and appropriate based upon the considerations enumerated in <u>Matter of First Colonial Corp. of America</u>, 544 F. 2d 291 (5th Cir. 1977).

WHEREFORE, Trustee requests Special Counsel be awarded and allowed compensation for professional services in the sum of **$7,418.28** (45% of the gross settlement award of $17,352.69 less the 5% common benefit fee), and reimbursement of expenses in the amount of **$3,435.10**, for a total of **$10,853.38**, or such amount as the Court shall deem fair and reasonable under the circumstances herein; that the approved amounts be payable to Sanders Phillips Grossman, LLC; and that the Court grant it such other and further relief as is just.

Respectfully submitted,

                                          */s/ Lori V. Vaughan*
                                          LORI V. VAUGHAN
                                          Florida Bar No. 0154921
                                          lvaughan@trenam.com
                                          TRENAM KEMKER SCHARF BARKIN

FRYE O'NEILL & MULLIS PA
P.O. Box 1102
Tampa, FL 33601
Tel: (813) 223-7474

*Counsel for Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 26, 2019 a true and correct copy of the **FINAL CONTINGENCY FEE APPLICATION OF SPECIAL COUNSEL TO TRUSTEE** was served electronically by CM/ECF to those parties registered to receive electronic notices of filing in this case and/or via First Class U.S. Mail, postage prepaid to: **Debtors,** Edwin Martinez and Migdalia Martinez, 3424 Yale Circle, Riverview, FL 33578; **Debtors' Attorney**, Daniel F. Pilka, Esq., Pilka & Associates, PA, 213 Providence Road, Brandon, FL 33511, dpilka@pilka.com; **Office of the United States Trustee,** Timberlake Annex Suite 2100, 501 E. Polk Street, Tampa, FL 33602, steven.wilkes@usdoj.gov; registered CM/ECF participants; Randi Kassan, Esq., Sanders Phillips Grossman, LLC, 100 Garden City Plaza, Suite 500, Garden City, NY 11530; and all Creditors listed on the attached master-mailing matrix for this case.

*/s/ Lori V. Vaughan*
Attorney

## VERIFICATION

Under penalty of perjury, I, Rhys P. Leonard, hereby verify that the fees and costs for which reimbursement is sought herein are reasonable for the work performed, and that the foregoing application is true and accurate. I also verify that this fee application has been submitted to the chapter 7 Trustee for his review, prior to submission to the Court and interested parties.

*/s/ Rhys P. Leonard*
Rhys P. Leonard

STATE OF FLORIDA        )
                        )
COUNTY OF HILLSBOROUGH  )

The foregoing **FINAL CONTINGENCY FEE APPLICATION OF SPECIAL COUNSEL TO TRUSTEE** was acknowledged before me on June 26, 2019, by Rhys P. Leonard, [X] who is personally known to me.

(SEAL)

*/s/ Marie C. Woods*
Notary Public

MARIE C. WOODS
MY COMMISSION # FF 220008
EXPIRES: July 21, 2019
Bonded Thru Notary Public Underwriters

7

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-8<br>Case 8:11-bk-05292-CPM<br>Middle District of Florida<br>Tampa<br>Wed Jun 26 10:09:47 EDT 2019 | GE Money Bank<br>Attn: Ramesh Singh<br>c/o Recovery Management Systems Corp<br>25 SE 2nd Ave, Suite 1120<br>Miami, FL 33131-1605 | JP Morgan Chase Bank Department<br>PO Box 201347<br>Arlington, TX 76006-1347 |
| JPMorgan Chase Bank, National Association<br>c/o Nicole M. Mariani<br>P.O. Box 800<br>Tampa, FL 33601-0800 | ARM, Inc.<br>PO Box 277690<br>Hollywood, FL 33027-7690 | American Medical Collection<br>Agency<br>4 Westchester Plaza<br>Bldg 4<br>Elmsford, NY 10523-1615 |
| Ars Account Resolution<br>P O Box 15670<br>Brooksville, FL 34604-0122 | Ascension Capital Group Inc<br>c/o JP Morgan Chase Bank, Ntl Assoc Dept<br>PO Box 201347<br>Arlington, TX 76006-1347 | Ashley Funding Services LLC its successors a<br>assigns as assignee of Laboratory Corp<br>of America Holdings<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 |
| BRANDON REGIONAL HOSPITAL<br>c/o B-Line, LLC<br>MS 550<br>PO Box 91121<br>Seattle, WA 98111-9221 | Bank Of America<br>Attn: Bankruptcy NC4-105-03-14<br>Po Box 26012<br>Greensboro, NC 27420-6012 | Bank of America<br>PO Box 53132<br>Phoenix, AZ 85072-3132 |
| Bay Area Cardiology<br>635 Eichenfeld Drive<br>Brandon, FL 33511-5908 | Bay Area Cardiology Associates<br>Berks Credit & Collections<br>PO Box 329<br>Temple, PA 19560-0329 | Brandon Anesthesia Associate<br>PO Box 861342<br>Orlando, FL 32886-0001 |
| Brandon Pediatric Physicians<br>PO Box 740022<br>Cincinnati, OH 45274-0022 | Brandon Regional Hospital<br>PO Box 9800<br>Palm Harbor, FL 34682-9800 | Brandon Regional Hospital<br>PO Box 99400<br>Louisville, KY 40269-0400 |
| Capital Recovery III LLC<br>c/o Recovery Mgmt Systems Corp<br>25 SE 2nd Ave Ste 1120<br>Miami, FL 33131-1605 | Cardiac Surgical Assoc.<br>6006 49th St N Ste 310<br>Saint Petersburg, FL 33709-2149 | Chase<br>Cardmember Service<br>PO Box 15153<br>Wilmington, DE 19886-5153 |
| Chase<br>PO Box 78148<br>Phoenix, AZ 85062-8148 | Chase<br>Po Box 1093<br>Northridge, CA 91328 | Citi Cards<br>PO Box 45129<br>Jacksonville, FL 32232-5129 |
| (p)CITIBANK<br>PO BOX 790034<br>ST LOUIS MO 63179-0034 | Collection<br>Po Box 9136<br>Needham, MA 02494-9136 | Credit Collection Services<br>Two Wells Ave<br>Newton Center, MA 02459-3246 |
| Creditors Financial Group<br>PO Box 440290<br>Aurora, CO 80044-1500 | Doug Belden Tax Collector<br>PO BOX 172920<br>Tampa, FL 33672-0920 | FMA Alliance LTD<br>11811 North Freeway<br>Suite 900<br>Houston, TX 77060-3292 |

| | | |
|---|---|---|
| Federal Home Loan Mortgage Corporation (FNMA<br>c/o BK Global<br>1095 Broken Sound Pkwy, NW Suite 100<br>Boca Raton, FL 33487-3503 | Financial Credit Svcs<br>628 Bypass Dr<br>Clearwater, FL 33764-5024 | Financial Recovery Services<br>PO Box 385908<br>Minneapolis, MN 55438-5908 |
| Grow Financial<br>PO Box 89909<br>Tampa, FL 33689-0415 | Hilco Rec<br>Attn: Bankruptcy<br>1120 Lake Cook Road Suite B<br>Buffalo Grove, IL 60089-1970 | Home Depot<br>PO Box 689100<br>Des Moines, IA 50368-9100 |
| Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | JP Morgan Chase Bank, National Association<br>PO Box 201347<br>Arlington, TX 76006-1347 | Jon A. Harmon MD PA<br>PO Box 862811<br>Orlando, FL 32886-2811 |
| LCA Collections<br>PO Box 2240<br>Burlington, NC 27216-2240 | Lvnv Funding Llc<br>Po Box 740281<br>Houston, TX 77274-0281 | MCM<br>Department 12421<br>PO Box 603<br>Oaks, PA 19456-0603 |
| Medical Debt Recovery<br>8900 State Line Road #420<br>Leawood, KS 66206-1936 | Merchants Assoc Cool D<br>134 S Tampa St<br>Tampa, FL 33602-5396 | Midland Credit Management<br>Po Box 939019<br>San Diego, CA 92193-9019 |
| Midland Credit Management, Inc.<br>8875 Aero Drive, Suite 200<br>San Diego, CA 92123-2255 | Midland Funding LLC<br>Dept 12421<br>PO Box 603<br>Oaks, PA 19456-0603 | Monther Al-Halawani, MD<br>214 S. Moon Ave<br>Brandon, FL 33511-5704 |
| Natioanl Asset Managment<br>PO Box 703<br>Coraopolis, PA 15108-0703 | Nco Fin/33<br>9009 Corporate Lake Dr<br>Tampa, FL 33634-2367 | Nothern Capital Select<br>Insurance Co.<br>PO Box 2800<br>Pinellas Park, FL 33780-2800 |
| PYOD LLC its successors and assigns as assig<br>Citibank, NA<br>c/o Resurgent Capital Services<br>PO Box 19008<br>Greenville, SC 29602-9008 | Palanisamy Rathinasamy MD PA<br>205 S Moon Ave., Ste. 102<br>Brandon, FL 33511-5716 | Professional Recovery Svcs<br>PO Box 1880<br>Voorhees, NJ 08043-7880 |
| Quest Diagnostics<br>PO Box 740781<br>Cincinnati, OH 45274-0781 | Recovery Management Systems Corporation<br>25 S.E. 2nd Avenue, Suite 1120<br>Miami, FL 33131-1605 | Ruffolo Hooper & Assoc<br>5755 Hoover Blvd.<br>Tampa, FL 33634-5340 |
| Tampa Bay Radiation Oncology<br>4031 Upper Creek Drive<br>Sun City Center, FL 33573-6819 | Total Imaging Parson<br>PO Box 100731<br>Attn: Patient Accounts<br>Atlanta, GA 30384-0731 | United Collection Bureau Inc<br>5620 Southwyck Blvd<br>Suite 206<br>Toledo, OH 43614-1501 |

| | | |
|---|---|---|
| United States Trustee - TPA7/7+<br>Timberlake Annex, Suite 1200<br>501 E Polk Street<br>Tampa, FL 33602-3949 | Zakheim & Associates<br>1045 South Univeristy Drive<br>Suite 202<br>Fort Lauderdale, FL 33324-3333 | Beth Ann Scharrer<br>Trustee<br>PO Box 4550<br>Seminole, FL 33775-4550 |
| Daniel F Pilka<br>Pilka & Associates, P.A.<br>213 Providence Road<br>Brandon, FL 33511-4707 | Edwin Martinez<br>3424 Yale Circle<br>Riverview, FL 33578-4221 | Migdalia Martinez<br>3424 Yale Circle<br>Riverview, FL 33578-4221 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Citibank Sd, Na<br>Attn: Centralized Bankruptcy<br>Po Box 20507<br>Kansas City, MO 64195 | (d)Citibank Usa<br>Citicard Credit Srvs/Centralized Bankrup<br>Po Box 20507<br>Kansas City, MO 64195 | (d)Exxmblciti<br>Attn.: Centralized Bankruptcy<br>Po Box 20507<br>Kansas City, MO 64195 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | |
|---|---|
| (d)JPMORGAN CHASE BANK, NATIONAL ASSOCIATION<br>c/o Nicole M Mariani<br>P.O. Box 800<br>Tampa, FL 33601-0800 | End of Label Matrix<br>Mailable recipients    65<br>Bypassed recipients     1<br>Total                  66 |